UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RONALD REEL (#356002)                                CIVIL ACTION NO.

VERSUS                                                   26-149-SDD-EWD

LOUISIANA STATE PENITENTIARY

### RULING AND ORDER

This matter comes before the Court on the Complaint of Plaintiff Ronald Reel ("Reel"), who is representing himself and who is confined at the Louisiana State Penitentiary ("LSP").[1] The Court construes the Complaint as a Motion for Preliminary Injunction and Temporary Restraining Order.[2]

Reel asserts that video footage from the main prison, cell block-B, lower-left tier from January 9, 2026 at 7:15 A.M. to 7:45 A.M. and January 16, 2026 at 10:00 A.M. to 11:00 A.M. in the same location will be used in future litigation, but states that any such video footage will be recorded over within approximately 40 days from the date recorded. He cannot, prior to the expiration of this period, exhaust his administrative remedies and file suit. However, the plaintiff does anticipate filing suit after exhausting his administrative remedies and asserts that the video footage he seeks to have preserved would be used as evidence in his future litigation.

---

[1] R. Doc. 1.
[2] R. Doc. 1.

Warden D. Vannoy by certified mail return receipt requested no. 9589 0710 5270 1607 9445 89
Attorney General Liz Murrill by certified mail return receipt requested no. 9589 0710 5270 1607 9445 96

"A preliminary injunction is an extraordinary and drastic remedy; it is never awarded as of right."[3] The decision whether to grant or deny a request for a preliminary injunction is within the sound discretion of the Court.[4]

At all times, the burden of persuasion remains with the plaintiff as to each of the four elements. Specifically, a plaintiff must establish: (1) a substantial likelihood of prevailing on the merits; (2) a substantial threat of irreparable injury if the injunction is not granted; (3) the threatened injury outweighs any harm that will result to the non-movant if the injunction is granted; and (4) the injunction will not disserve the public interest.[5] If a plaintiff fails to meet his burden regarding any of the necessary elements, the Court need not address the other elements necessary for granting a preliminary injunction.[6]

While the Court understands the procedural quandary in which the plaintiff finds himself, the Court cannot determine that the plaintiff has a substantial likelihood of prevailing on the merits. The entire record consists only of the plaintiff's instant motion which does not provide the details of his future claims. Additionally, the Court cannot find that there is a substantial threat of irreparable injury if an injunction is not granted. The Fifth Circuit permits an adverse inference against the destroyer of evidence upon a

---

[3] *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008) (internal citations and quotations omitted). *See also Allied Marketing Group., Inc. v. CDL Marketing, Inc.*, 878 F.2d 806, 809 (5th Cir. 1989) (preliminary injunctive relief "is an extraordinary remedy and should be granted only if the movant has clearly carried the burden of persuasion with respect to all four factors"); *Mississippi Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985) ("[t]he decision to grant a request for preliminary injunction is to be treated as the exception rather than the rule").

[4] *See Allied Mlttg. Grp., Inc.*, 878 F.2d at 809.

[5] *See Ridgely v. Fed. Emergency Mgmt. Agency*, 512 F.3d 727, 734 (5th Cir. 2008).

[6] *See Roho, Inc. v. Marquis*, 902 F.2d 356, 261 (5th Cir. 1990) (declining to address the remaining elements necessary to obtain a preliminary injunction after finding that the plaintiff failed to show a substantial likelihood of success on the merits).

showing of bad faith or bad conduct.[7] Where the facts and circumstances may not demonstrate bad faith justifying an adverse inference, district courts can "admit the fact of the destruction of [evidence] for the jury to weigh with the other evidence in the case.[8] It is unclear whether Warden Darrel Vannoy is aware yet of Reel's complaints, but to the extent the video footage has not yet been overwritten,[9] this Ruling provides notice that future litigation is expected and evidence to that litigation exists in the video footage noted above. Accordingly,

**IT IS ORDERED** that the plaintiff's Motion (R. Doc. 1) be and is hereby **DENIED**.

**IT IS FURTHER ORDERED** that Warden Darrel Vannoy and Louisiana Attorney General Elizabeth Murrill shall be served, via CM/ECF and by certified mail, with a copy of this Order which provides each with notice of the plaintiff's request that the noted video footage not be overwritten or destroyed.

**IT IS FURTHER ORDERED**, with no case or controversy remaining before the Court, that this action be **DISMISSED** without prejudice, and that this matter be closed. Judgment shall be entered accordingly.

Signed in Baton Rouge, Louisiana, on February 12, 2026.

CHIEF JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

---

[7] *Condrey v. SunTrust Bank of Georgia*, 431 F.3d 191, 203 (5th Cir. 2005).
[8] *Caparotta v. Entergy Corp.*, 168 F.3d 754, 756 (5th Cir. 1999).
[9] The footage from January 16, 2026 should be available.